IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Michael Owens, Individually and on behalf of all others similarly situated, | : : : | |
| Plaintiff, | : : | |
| v. | : : | CIVIL ACTION NO. |
| Interstate Safety Service, Inc., | : : | JURY TRIAL DEMANDED |
| Defendant. | : : : | FILED ELECTRONICALLY |

**COLLECTIVE ACTION COMPLAINT**

Plaintiff Michael Owens ("Plaintiff"), by and through his undersigned counsel, hereby files this Collective Action Complaint on behalf of himself and all others similarly situated against Defendant Interstate Safety Service, Inc., ("Defendant") to recover for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq. and, specifically, the collective action provision of the FLSA, 29 U.S.C. § 216(b). In support hereof, Plaintiff avers as follows:

## I.  INTRODUCTION

1.  For at least three (3) years prior to the filing of this Collective Action Complaint, Defendant willfully committed widespread violations of the FLSA by, inter alia, intentionally short-changing employees for travel and wait time that was integral and essential to Defendants workplace, and in fact directed by Defendant,

and by failing to pay those employees for overtime hours worked in excess of forty (40) hours per week a rate of one-and-one-half their regular rate of pay.

2.    As a result of those willful violations of the FLSA, Plaintiff brings this action on behalf of himself and other similarly situated current and/or former employees of Defendant seeking to recover, inter alia, unpaid overtime wages, liquidated damages, interest, costs, attorneys' fees, injunctive and declaratory relief pursuant to the applicable provisions of the FLSA.

## II.    JURISDICTION AND VENUE

3.    This Court possession subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

4.    Venue is proper in the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1391.

## II.    PARTIES

5.    Plaintiff is a competent adult individual who maintains a residence at 114 Timber Lane Falls, PA 18615.

6.    At all times relevant hereto, Plaintiff was employed at Defendant's 1301 Winola Rd Clarks Summit PA 18411 plant (the "Plant") from approximately December 1, 2011 to present time During that time, Defendant failed to pay Plaintiff for overtime work performed at a rate of one-and-one-half his regular hourly rate of pay as required under the FLSA.

7.     Indeed, Defendant failed to pay Plaintiff for hours of work performed and wages earned particularly where Defendant directed Plaintiff to travel using special equipment to client locations and after reporting to the Plant.

8.     Instead, Defendant attempted to bypass its obligations under the FLSA by willfully and unlawfully misclassifying Plaintiff and Plaintiff's work time as non-compensable and by willfully and unlawfully limiting Plaintiff's overtime payments to one time his regular rate of pay.

9.     Defendant Interstate Safety Service, Inc. is a company formed and organized under the laws of the State of Pennsylvania and maintains a principal place of with an address of 1301 Winola Rd Clarks Summit Pa 18411. Defendant is a full service concrete manufacturer which makes jersey barriers and similar products.  Upon information and belief, Defendant employs over thirty (30) people as full time employees at its Clarks Summit location which is located within the geographic borders of the Middle District of Pennsylvania.

### III.     COLLECTIVE ACTION ALLEGATIONS

9.     Plaintiff brings this FLSA claim on behalf of himself and all similarly situated persons who work or worked for Defendant at any time from three (3) years prior to the filing of this Collective Action Complaint to entry of judgment in this case (hereinafter referred to as the "Collective Period").

10.     As referenced above, Defendant is liable under the FLSA for failing to properly compensate Plaintiff and others similarly situated and, as such, proper court-supervised notice should be sent to all current and/or former employees who worked for Defendant during the Collective Period.  Upon information and belief, there are numerous similarly situated current and/or former employees of Defendant who have been denied the overtime premium in violation of the FLSA, and who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join in the present lawsuit.  Those similarly situated employees are known to Defendant and are readily identifiable through Defendant's records.

## IV.     FACTUAL BACKGROUND

11.     By handbook dated May 1, 2015 Defendant provided Plaintiff with an updated policy manual including designation of working but uncompensated time. Defendant violated the FLSA by failing to maintain accurate payroll records, and by failing to compensate Plaintiff for actual hours worked, including legally mandated overtime.

12.     Defendant expressly classified Plaintiff's position as a non-exempt position and acknowledged it was required to pay overtime wages. Defendant was required to use a punch-card, but the punch-card and wages paid do not coincide.

13.     Plaintiff and all other similarly situated employees are <u>not</u> exempt from receiving FLSA overtime benefits because, <u>inter alia</u>, they are not actually being compensated for extensive periods of time after reporting for work at the Plant, punching in, loading equipment and using company vehicles to travel at times upwards of 3 hours.

14. Generally, employees report to the Plant, punch-in and begin performing work which often includes loading special equipment and travel to client sites. This working-time travel includes use of Defendant's employer-owned vehicles and special equipment. Plaintiff also filled out his timesheets by entering the dates he worked, the time he began and ended the day, his overtime hours, and the total hours for the day. Defendant told Plaintiff what times to mark on the timesheets, and those times did not accurately reflect the amount of time he worked each day as it did not include the travel and equipment time.

15.     The employees are not executive, administrative or professional employees as those terms are defined in the FLSA and applicable regulations. Rather, as appropriately documented in his bi-weekly pay stubs, Plaintiff was an hourly employee paid at a base hourly rate of $16.50 as of December 2016.

V.      **VIOLATIONS OF THE FAIR LABOR STANDARDS ACT**

16.     Plaintiff repeats and re-alleges each and every allegation set forth in the prior paragraphs of this Collective Action Complaint as if fully set forth herein.

17.    Plaintiff consents in writing to be a party to this action pursuant to Section 216(b) of the FLSA.

18.    At all times relevant hereto, Defendant was and is a covered employer required to comply with the mandates of the FLSA.

19.    Pursuant to section 207 of the FLSA, Defendant was and is required to pay its non-exempt employees at a rate equal to one-and-one-half times their normal hourly rate of pay for all time spent performing compensable work in excess of forty (40) hours per week.

20.    At various times during the Collective Period defined herein, the workload provided by Defendant compelled Plaintiff and others similarly situated to work more than forty (40) hours a week.  However, Defendant failed and/or refused to compensate Plaintiff and others similarly situated for that overtime at a rate equal to one-and-one-half times their normal hourly rates of pay.

21.    As outlined above, Plaintiff and the other similarly situated persons are not salaried employees subject to exemption from FLSA overtime benefits as unilaterally determined by Defendant and, therefore, are entitled to the full protections provided by the FLSA.

22.    However, to unlawfully reduce its workforce expense, Defendant willfully and intentionally engaged in a widespread pattern and practice of violating the provisions of the FLSA, as detailed herein, by misclassifying Plaintiff

and other similarly situated workers travel and loading time as "exempt" or "not compensable", and then failing and/or refusing to pay them the proper rate of overtime compensation under the FLSA.

23. As a result of the unlawful and willful acts of Defendant as aforesaid, Plaintiff and the other similarly situated workers have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to applicable provisions of the FLSA and other applicable federal law.

24. Moreover, because of Defendant's willful violations of the FLSA as aforesaid, Defendant's actions trigger the three (3) year statute of limitations under Section 255 of the FLSA.

**WHEREFORE,** Plaintiff, individually and on behalf of all other similarly situated persons, respectfully prays for the following relief:

a.) The entry of an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring that Defendant's actions, as described in this Collective Action Complaint, are unlawful and in violation of the FLSA and applicable regulations;

b.) The entry of an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring that Defendant's actions, as described in this Collective Action Complaint, are and were willful as defined in the FLSA;

c.) The entry of an Order directing and requiring Defendant to pay Plaintiff and all other similarly situated employees damages in the form of reimbursement for unpaid wages for all time spent performing compensable work for which they were not paid pursuant to the rate provided in the FLSA;

d.) The entry of an Order directing and requiring Defendant to pay Plaintiff and all other similarly situated employees liquidated damages pursuant to the FLSA in an amount equal to, and in addition to, the amount of wages and overtime wages owed to them;

e.) The entry of an Order directing Defendant to reimburse Plaintiff and other similarly situated employees for the costs and attorneys' fees expended in the course of litigating this action;

f.) The entry of an injunction prohibiting Defendant from engaging in future violations of the FLSA and applicable regulations;

g.) The entry of an Order compelling Defendant to provide the names and last known addresses of all potential collective action members;

h.) The entry of an Order directing Defendant to prepare an accounting of all unpaid wages;

i.) The entry of an Order pertaining to proper notice of this Collective Action Complaint to all potential collective action members;

j.) The entry of an Order certifying this action as a collective action; and

k.) The entry of an Order providing Plaintiff and other similarly situated employees with such other and

further relief as this Court deems just and appropriate.

## VI. <u>JURY TRIAL DEMANDED</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all issues so triable in the instant Collective Action Complaint.

Respectfully submitted,

/s/ Stephen H. Franko IV
Stephen H. Franko IV
**Franko Law Offices, PLLC**
120 Bridge Street
Tunkhannock, PA  18657
(570)731-3000

Dated: January 4, 2017                    Attorney for Plaintiff