# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL OWENS, Individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>INTERSTATE SAFETY SERVICE, INC.,<br><br>    Defendant. | NO. 3:17-CV-0017<br><br>(JUDGE CAPUTO) |

## **MEMORANDUM**

Presently before me is a Joint Motion Seeking Court Approval of Collective Action Settlement (Doc. 15) and a Consented Motion for Approval and Award of Attorney's Fees and Costs (Doc. 18). For the reasons that follow, the motions will be granted.

## **I. Background**

Plaintiff Michael Owens ("Plaintiff") commenced this collective action pursuant to the Fair Labor Standards Act ("FLSA") on behalf of himself and all others similarly situated. (*See* Doc. 1, *generally*). The Complaint alleges that Defendant Interstate Safety Service, Inc. ("Defendant") violated the FLSA by failing to pay overtime compensation for travel and wait time hours to employees whose worked involved travel to remote job locations. (*See id.*).

On June 3, 2017, the parties jointly filed a motion for approval of the collective action settlement. (*See* Doc. 15, *generally*). The settlement agreement provides for a total maximum payment of $80,000.00, inclusive of fees and costs, in exchange for the release of claims as defined in the agreement. (*See* Doc. 15-1, ¶¶ 1.7, 1.12). According to the parties, this settlement exceeds the aggregate amount that could be owed to Plaintiff and all potential opt-ins based on their hours worked and rate of pay

by approximately $2,500.00. (*See* Doc. 16, 3). Participating members of the Class are to receive a pro-rated portion of the settlement after payment of attorney's fees and costs. (*See* Doc. 15-1, ¶ 3.1). Additionally, the settlement agreement states that Defendant would not oppose a request for attorney's fees and costs not exceeding $32,000.00 and $1,000.00, respectively. (*See id*. at ¶ 3.5). The settlement agreement further sets forth, *inter alia*, the claims process, the duties of the parties, the dispute resolution process, and provides that the parties and their counsel "will not issue any press release or participate in any communication or contact with the media regarding settlement or any other matter related to this litigation." (*Id*., *generally* & ¶ 15.1).

On June 14, 2017, Plaintiff submitted an unopposed motion for attorney's fees and costs, seeking fees in the amount of $32,000.00 and costs totaling $1,000.00. (*See* Doc. 18, *generally*). A hearing was held on the joint motion for settlement approval and the request for fees and costs on November 16, 2017.

## II. Discussion

The FLSA was designed to "protect certain groups of the population from substandard wages and excessive hours which endangered the national health and well-being and the free flow of goods in interstate commerce." *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706, 65 S. Ct. 895, 89 L. Ed. 1296 (1945). Under the FLSA, a collective action "may be maintained . . . by any one or more employees for and on behalf of themselves and other employees similarly situated." 29 U.S.C. § 216(b).

To safeguard employee rights, "a majority of courts have held that *bona fide* FLSA disputes may only be settled or compromised through payments made under the supervision of the Secretary of the Department of Labor or by judicial approval of a proposed settlement in an FLSA lawsuit." *Bettger v. Crossmark, Inc.*, No. 13-2030, 2015 WL 279754, at *3 (M.D. Pa. Jan. 22, 2015) (citing, *inter alia*, *Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dep't of Labor*, 679 F.2d 1350, 1354 (11th Cir.1982)). "Although the Third Circuit Court of Appeals has not addressed whether parties can settle FLSA actions claiming unpaid wages without court approval, district courts

within the Circuit have followed the approach endorsed by a majority of courts and assumed that judicial approval is necessary." *Nwogwugwu v. Spring Meadows at Lansdale, Inc.*, No. 16-2663, 2017 WL 2215264, at *1 (E.D. Pa. May 18, 2017) (citing *Howard v. Phila. Housing Auth.*, 197 F. Supp. 3d 773 (E.D. Pa. 2016); *Kraus v. PA Fit II, LLC*, 155 F. Supp. 3d 516, 522 (E.D. Pa. 2016); *Bettger*, 2015 WL 279754, at *3). A district court "may find a proposed settlement agreement resolves a *bona fide* dispute when it 'reflects a reasonable compromise over issues, such as FLSA coverage or computation of back wages.'" *Brown v. TrueBlue, Inc.*, No,10-0514, 2013 WL 5408575, at *1 (M.D. Pa. Sept. 25, 2013) (alteration omitted) (quoting *Lynn's Food Stores*, 679 F.2d at 1354). "If a reviewing court is satisfied that an agreement does in fact decide a *bona fide* dispute, it proceeds in two phases: first, the court assesses whether the agreement is fair and reasonable to the plaintiff employee; second, it determines whether the settlement furthers or 'impermissibly frustrates' the implementation of the FLSA in the workplace." *Bettger*, 2015 WL 279754, at *4.

**A.    *Bona Fide* Dispute.**

A proposed settlement resolves a *bona fide* dispute where its terms "reflect a reasonable compromise over issues, such as . . . back wages, that are actually in dispute." *Lynn's Food*, 679 F.2d at 1355. "A *bona fide* dispute is one that involves factual issues rather than legal issues such as the statute's coverage and applicability." *Nwogwugwu*, 2017 WL 2215264, at*2 (quotation omitted). Although "[t]he recital in the release of the existence of a '*bona fide* dispute' is . . . merely the declaration of a legal conclusion," *Stilwell v. Hertz Drivurself Stations*, 174 F.2d 714, 717 (3d Cir. 1949), the terms of the settlement agreement demonstrate that a *bona fide* dispute exists, including whether Defendant paid its employees all compensation due and whether liquidated damages are recoverable here. Moreover, the terms of the settlement agreement reflect Defendant's position that it properly compensated its employees as required by the FLSA. (*See* Doc. 15-1, ¶ 2.4); *see also Nwogwugwu*, 2017 WL 2215264, at *2. The proposed settlement resolves a *bona fide* dispute.

3

**B.     Fair and Reasonable Settlement.**

"[T]he Third Circuit has not provided FLSA-specific criteria for district courts to use when evaluating the fairness and reasonableness of any proposed settlement agreement." *Brown*, 2013 WL 5408575, at *2. District court in this Circuit, though, have applied the factors set out by the Third Circuit for approving class action settlements under Federal Rule of Civil Procedure 23. *See Girsh v. Jepsen*, 521 F.2d 153, 157 (3d Cir. 1975); *see also Nwogwugwu*, 2017 WL 2215264, at *2 (applying *Girsh* factors); *Kraus*, 155 F. Supp. 3d at 523 n.3 (same); *Bettger*, 2015 WL 279754, at *7 (same); *Brown*, 2013 WL 5408575, at *2 (same). The *Girsh* factors are as follows:

> (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) stage of the proceedings and the amount of discovery completed; (4) risks of establishing liability; (5) risk of establishing damages; (6) risk of maintaining the class action through the trial; (7) ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation.

*Girsh*, 521 F.2d at 157 (citation omitted).

Applying the pertinent *Girsh* factors, the proposed settlement is fair and reasonable. First, given the amount of unpaid wages in dispute, lengthy litigation would likely result in attorney's fees that far exceed the maximum possible recovery in this litigation. Second, Class Counsel has indicated that he has reviewed the terms of the proposed settlement with twenty (20) of the twenty-three (23) potential class members, and those individuals have affirmatively indicated there intention to accept the terms of the settlement. Further, the parties have clearly set forth the challenges that Plaintiff would face in establishing his case in this litigation, including whether Defendant acted "willfully" so as to trigger application of a three (3) year limitations period. Under the settlement, however, damages are calculated assuming that the three (3) year statute of limitations applies even though Defendant contests that Plaintiff

would be able to establish a "willful" violation of the FLSA.

Lastly, the final two *Girsh* factors require an assessment of "'whether the settlement represents a good value for a weak case or a poor value for a strong case. The factors test two sides of the same coin: reasonableness in light of the best possible recovery and reasonableness in light of the risks the parties would face if the case went to trial.'" *Altnor v. Preferred Freezer Servs., Inc.*, 197 F. Supp. 2d 746, 763 (E.D. Pa. 2016) (quoting *In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 538 (3d Cir. 2004)). Given the value of the proposed settlement and the risks at issue in litigating the action as stated previously, these factors weigh in favor of settlement. *See, e.g., Creed v. Benco Dental Supply Co.*, No. 12-1571, 2013 WL 5276109, at *4 (M.D. Pa. Sept. 17, 2013).

Based on the foregoing and considering the relevant *Girsh* factors, approval of the settlement is warranted in light of the risks of proceeding to trial and the relative costs of continued litigation.

**C.     Frustration of the FLSA.**

Because the settlement is fair and reasonable, consideration must be given to whether the agreement frustrates the implementation of the FLSA. *See, e.g., Kraus*, 155 F. Supp. 3d at 532; *Bettger*, 2015 WL 279754, at *8; *Brown*, 2013 WL 5408575, at *3. Here, the agreement does not include broad waiver provisions and the confidentiality provision is limited to comments to the media. *See, e.g., Nwogwugwu*, 2017 WL 2215264, at *3 (finding that settlement did not frustrate the FLSA where it did not include a broad waiver or confidentiality provisions); *see also Schwartz v. Pennsylvania State Univ.*, No. 15-2176, 2017 WL 1386251, at *5 (M.D. Pa. Apr. 18, 2017); *Diclemente v. Adams Outdoor Advertising, Inc.*, No. 15-0596, 2016 WL 3654462, at *4 (M.D. Pa. July 8, 2016) (approving settlement agreement with a confidentiality provision allowing for disclosure of the case's conclusion without any allowable sanctions or retaliation for breach). The proposed settlement does not frustrate the implementation of the FLSA.

**D.    Attorney's Fees.**

The FLSA also states that the court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). "Percentage of recovery is the prevailing method used by courts in the Third Circuit for wage and hour cases." *Diclemente*, 2016 WL 3654462, at *4 (citation omitted). "The percentage-of-recovery method awards a fixed portion of the settlement fund to counsel.  Courts have approved attorneys' fees in FLSA collective and class action settlement agreements from roughly 20-45% of the settlement fund."  *Id*. (citation, internal citation, alteration, and quotation omitted).  Under the percentage of recovery method, courts consider the following factors:

> (1) the size of the fund created and the number of persons benefitted; (2) the presence or absence of substantial objections by members of the class to the settlement terms and/or fees requested by counsel; (3) the skill and efficiency of the attorneys involved; (4) the complexity and duration of the litigation; (5) the risk of nonpayment; (6) the amount of time devoted to the case by plaintiffs' counsel; and (7) the awards in similar cases.

*Id*. (quoting *Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190, 195 n.1 (3d Cir. 2000)).

In the matter *sub judice*, Plaintiff's counsel seeks a fee, including costs, that is 41.25% of the $80,000.00 settlement figure. In support of the requested fee, Plaintiff's counsel indicates that his fee in this case is already $36,000.00, which is $4,000.00 more than he seeks to recover in fees.  (*See* Doc. 18-14, ¶ 16; Doc. 18, ¶ 36). Plaintiff's counsel further estimates that while he will likely spend an additional thirty-two (32) hours on this case if the settlement is approved, he represents that he will not amend his petition and seek fees for those activities.  (*See* Doc. 18, ¶ 37).  In view of the facts of this case, the evidence submitted by Plaintiff's counsel in support of his requested fee, and the *Gunter* factors, all of which support granting the proposed fee, I will approve the requested attorney's fee of $32,000.00 and award costs in the

6

amount of $1,000.00.  *Cf. Diclemente*, 2016 WL 3654462, at *5 (approving fee of 50.00% of total settlement); *Mabry v. Hildebrandt*, No. 14-5525, 2015 WL 5025810, at *4 (E.D. Pa. Aug. 24, 2015) (approving fee of 40.00% of the total recovery).

### III. Conclusion

For the above stated reasons, the joint motion for approval of collective action settlement and the consented motion for approval and award of attorney's fees and costs will be granted.

An appropriate order follows.

November 21, 2017                                         /s/ A. Richard Caputo
Date                                                                  A. Richard Caputo
                                                                           United States District Judge